IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNIE JAVON SWIFT            )
    Petitioner            )
                          )
vs.                           )    C.A.No. 10-233 Erie
                          )
SCI PINE GROVE, et al         )    Magistrate Judge Baxter
    Respondents.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I     RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed for failure to prosecute.

**II     REPORT**

Petitioner filed this petition for writ of habeas corpus on September 17, 2010. By Order dated September 21, 2010, this Court ordered the U.S. Marshal Service to serve the original petition upon Respondents. ECF No. 3.

On October 8, 2010, Petitioner requested permission to file an amended petition and that motion was granted. This Court directed that the amended pleadings were due by November 1, 2010.

By Order dated February 7, 2011, this Court directed Petitioner to show cause for his failure to file the amended petition before February 18, 2011. ECF No. 12. The Order warned that Petitioner's failure to comply would result in the dismissal of this action for failure to prosecute. To date, no response has been received.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1)

1

the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988)

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Petitioner has not taken the important initial steps of filing the amended petition and has not served this case upon Respondents. Further, Petitioner has ignored an order by this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to failure to prosecute.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: March 2, 2011